JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IMADE JATI, | |
|---|---|
| Petitioner, | Case No. 8:20-00464 JFW (ADS) |
| v. | ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| RALPH DIAZ, Secretary, CDCR, | |
| Respondent. | |

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Imade Jati, an inmate at Correctional Training Facility in Soledad, California. [Dkt. No. 1]. The Court's review of the Petition, the Court's own records, and public records reveals that this Petition is a second or successive petition and Petitioner has not obtained permission from the Ninth Circuit Court of Appeals before filing it.

**I.  RELEVANT BACKGROUND**

The Court restates here the procedural background from the 2019 opinion of the Orange County Superior Court, attached to the Petition:

Petitioner is presently serving a sentence of 80 years in state prison, imposed in 2010 after a jury found him guilty of a total of 13 counts of forcible rape, sexual penetration with a foreign object by force and sexual penetration of a minor by a foreign object. The court additionally ordered petitioner to pay the maximum restitution fine of $10,000 pursuant to Penal Code § 1202.4(b), as well as the criminal assessment fee of $30 and court security fee of $30. Judgment was affirmed by the Court of Appeal in 2011 (G043699). Petitions for writ of habeas corpus have been denied in [the Superior Court for Orange County] (M-14210) and the United States District Court for the Central District of California (SACV-12-20273 GAF).

[Dkt. No. 1, p. 15].

A review of this Court's own records reflects that on November 6, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody commencing Case No. 12-20273 GAF (AN) ("First Habeas Action"), challenging his 2010 conviction. After determining that Petitioner was not entitled to habeas relief, judgment was entered dismissing the First Habeas Action with prejudice on October 21, 2013. [First Habeas Action, Case No. 12-20273, Dkt. Nos. 23 and 29].

On February 27, 2020, Petitioner filed the instant Petition. [Dkt. No. 1]. Petitioner asserts (1) the restitution and prison term imposed by the Superior Court violated due process because they were imposed without first holding a hearing on Petitioner's ability to pay restitution and (2) the Superior Court's denial of Petitioner's second state habeas petition in 2019 violated due process. [Id., pp. 10–14]. Although the Petition indicates it is Petitioner's first federal habeas petition, [Id., p. 5], it attaches a copy of a 2019 Superior Court order denying Petitioner's second state habeas petition, stating that a federal writ of habeas corpus was previously denied in the Central District of California. [Id., p. 15].

## II. DISCUSSION

This Petition is an improper second or successive habeas petition. 28 U.S.C. § 2244 reads, in pertinent part, as follows:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> . . .
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; see also Rule 9 of the Rules Governing § 2254 Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Furthermore, Rule 4 of the Rules Governing § 2254 Cases provides that if it plainly appears from the face of the petition and any exhibits attached to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second federal habeas petition challenging Petitioner's 2010 judgment of conviction in the Orange County Superior Court. Petitioner has provided no evidence that he obtained Ninth Circuit permission to file a second or successive petition. A search of the Ninth Circuit's electronic docketing system does not reflect that Petitioner sought or obtained permission. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 561 U.S. 320, 330–31 (2010) (citing 27 U.S.C. § 2244(b)(3)(A)). "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or

successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotations and citation omitted).

**III. <u>CONCLUSION</u>**

The Petition is a "second or successive" petition without evidence that Petitioner obtained prior approval to file it by the Ninth Circuit Court of Appeals. As such, this Court lacks jurisdiction to consider its merits. Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction.

Dated: <u>March 16, 2020</u>

THE HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge